
**FILED**
**FEBRUARY 19, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANGEL GANDARA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0027 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

Before this Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ANGEL GANDARA. On January 22, 2009, petitioner filed his petition alleging seven grounds for relief based upon a disciplinary hearing in which he was found guilty of possessing methamphetamine. The same day, petitioner also filed a "Motion for Leave to Request Permission to File Four Additional Pages" and a motion to proceed *in forma pauperis*.

On January 23, 2009, the "Offender Information Detail" website maintained by the Texas Department of Criminal Justice indicated petitioner's projected release date was January 23, 2009. As of February 19, 2009, the website indicates that no one by the name "Angel Gandara" is currently incarcerated in any of its units. All mail sent by this Court to petitioner has been returned with the explanation either that petitioner has become permanently inactive or has been released. Petitioner has not notified this Court of his new address.

On January 30, 2009, this Court issued an Order to Show Cause to the petitioner ordering

him to advise the Court of whether he wished to continue the prosecution of his case. Petitioner was to respond to the Order by February 13, 2009. This Court has not received any response from petitioner. It is the opinion of the undersigned that petitioner's continued neglect of this case indicates that he no longer wishes to pursue this habeas corpus petition.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that this case initiated by petitioner ANGEL GANDARA be DISMISSED for want of prosecution.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of February 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).